UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Carlos Rodriguez Carmona

    v.                                    Civil No. 16-cv-282-LM
                                          Opinion No. 2016 DNH 123

United States of America

O R D E R

Carlos Rodriguez Carmona, proceeding pro se, seeks habeas corpus relief, pursuant to 28 U.S.C. § 2255, from his sentence for distribution of a controlled substance, possession with intent to distribute a controlled substance, and possession of a firearm by a convicted felon.  See United States v. Carmona, 14-cr-128-LM (D.N.H. Feb. 19, 2015).  Carmona alleges that his sentence was improperly enhanced under a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  He argues that under Johnson v. United States, --- U.S. ---, 135 S. Ct. 2551 (2015), his sentence is invalid.

Standard of Review

A prisoner in custody under a sentence of a federal district court may seek release "on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States."  § 2255(a).  The court will cause notice of a petition under § 2255 "to be served upon the United States

attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).  Sworn allegations in the petition are taken as true "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible."  Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted).

## Background

In United States v. Carmona, 14-cr-128-LM ("Criminal Case"), Carmona pleaded guilty to three counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts I-III), one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count IV), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count V).  He was sentenced to 180 months imprisonment on each count, to be served concurrently, and to be followed by five years of supervised release.

Carmona's base offense levels for Counts I-IV were calculated pursuant to U.S.S.G. § 2D1.1(c)(5).  The court then increased Carmona's base offense level for counts I-IV by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because Carmona

possessed a dangerous weapon.  Carmona's sentence on Counts I-IV was not subject to enhancement because of his designation as an armed career criminal.

Carmona was, however, sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4 on Count V.  Pursuant to U.S.S.G. § 4B1.4, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."  Carmona was subject to an enhanced sentence under § 924(e) because of his three prior convictions for serious drug offenses.  The Presentence Investigation Report ("PSR") identified those three convictions as:

1. A conviction in Middlesex County Superior Court for "Possession of a Controlled Substance with Intent to Distribute,"  Criminal Case, doc. no. 21 at ¶ 71;

2.  A conviction in Rockingham County Superior Court for four counts of "Sale of a Controlled Drug," Criminal Case, doc. no. 21 at ¶ 65; and

3. A conviction in Essex County Superior Court for "Possession of a Controlled Substance with Intent to Distribute," Criminal Case, doc. no. 21 at ¶ 57.

As a result of his designation as an armed career criminal, the court determined that his offense level was 37, but reduced his total offense level to 34 for acceptance of responsibility.  Carmona was not sentenced under the ACCA, § 924(e).

Discussion

The ACCA § 924(e)(1) imposes a minimum sentence of fifteen years "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."

> The term violent felony means any crime punishable by imprisonment for a term exceeding one year that -(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(b).  In Johnson, the Supreme Court held that subsection ii, also known as "the 'residual clause' of the [ACCA], 18 U.S.C. § 924(e), is unconstitutionally vague and thus void."  United States v. Bey, --- F.3d ---, 2016 WL 3206808, at *5 (1st Cir. June 9, 2016).  Therefore, defendants sentenced under the ACCA's residual clause may be entitled to relief from the sentence under § 2255, pursuant to Johnson.  See Welch v. United States, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).[1]

---

[1] It is unclear whether Johnson applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) and if it does, whether it does so retroactively to cases on collateral review.  Those questions are currently before the United States Supreme Court.  See Beckles v. United States, No. 15-8544.  The court assumes without deciding that Johnson is applicable to the sentencing guidelines and applies retroactively for the purposes of this order.

4

In his petition, Carmona claims that he is entitled to relief because his prior convictions do not constitute crimes of violence as defined by the ACCA. He also contends that they were not proven to a jury beyond a reasonable doubt and were thus improperly considered at his sentencing hearing. Carmona contends that the court should vacate, set aside, and correct his sentence in light of Johnson. The record, however, does not support either of Carmona's theories.

Carmona's argument for relief under Johnson fails because his sentence was not enhanced pursuant to the violent crimes provision of 18 U.S.C. § 924(e)'s residual clause or the residual clause in U.S.S.G. § 4B1.2(a)(2). While the record reveals that he was deemed an armed career criminal under U.S.S.G. § 4B1.4, he was so deemed because of his prior convictions for "serious drug offenses." Therefore, Johnson is inapplicable to Carmona's sentence because his sentence was not based on a crime of violence, but rather serious drug offenses.

Carmona's second argument for relief, that his prior convictions were not proven beyond a reasonable doubt, is misplaced. His prior convictions are sentencing factors and not elements of a crime. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As such, they need not be proven to a jury beyond a reasonable doubt. Id. ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime

5

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)).

## Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus (document no. 1) is dismissed.

Because the petitioner has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing Section 2255 Proceedings.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 21, 2016

cc: Carlos Rodriguez Carmona, pro se
    Seth R. Aframe, Esq.